APRIL M. LINSCOTT, ISB #7036
OWENS, MCCREA & LINSCOTT, PLLC
8596 N. Wayne Drive, Ste. A
Hayden, ID 83835
Telephone: (208) 762-0203
Facsimile: (208) 762-0303
E-mail: alinscott@omllaw.com

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

BOISE DIVISION

| | |
|---|---|
| BIBLE MISSIONARY CHURCH, INC., OF TWIN FALLS,<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>GUIDEONE MUTUAL INSURANCE COMPANY,<br><br>　　　Defendant. | CASE NO.: 1:19-cv-220<br><br>COMPLAINT<br><br>BREACH OF CONTRACT<br>TORTIOUS BAD FAITH<br><br>Claim over $75,000<br>Demand $192,000<br><br>JURY TRIAL REQUESTED |

COMES NOW the Plaintiff, represented by the undersigned attorney, and alleges as follows:

VENUE AND JURISDICTION

1. At all times material hereto, Bible Missionary Church Inc., of Twin Falls (hereafter

   "CHURCH") is and has been a religious non-profit organization domiciled in the county of

   Twin Falls in the State of Idaho.

2. At all times material hereto, GuideOne Mutual Insurance Company (hereafter

   "GUIDEONE"), is an insurance corporations authorized to issue insurance and conduct

business in the State of Idaho, but is a foreign carrier with its principal place of business headquartered in another state.

3. The claim and controversy in this matter exceeds $75,000.00

4. The acts and/or omissions that form the basis of this complaint took place in the State of Idaho, this Court has jurisdiction over this matter pursuant to 28 USC §1332, and Venue is proper in the Boise (Southern) Division of the District of Idaho.

FACTS MATERIAL TO ALL CLAIMS FOR RELIEF

5. CHURCH was the beneficial owner of certain real property located in Twin Falls County, Idaho, and commonly referred to as 435 Monroe St. Twin Falls, Idaho 83301(hereafter "the Property").

6. The Property consisted of a structure (the church hereafter called "the Premises").

7. At all times material to this Complaint, CHURCH and the Property were insured by a commercial policy issued by GUIDEONE, specifically described as policy no.: 001438494. (hereafter "the Policy").

8. At all times material to this Complaint, all premiums due from CHURCH were paid, and the Policy was in full force and effect.

9. In consideration for payment of premiums by CHURCH, the Policy promised to provide coverage to the structure on the Premises against damage caused by the weight of snow and ice, and additional coverages such as business income loss and extra expense associated with temporary relocation contained and set forth in the Policy, subject to the terms and conditions of the Policy.

10. The Policy provides for Actual Cash Value (ACV) payment, and subsequent Replacement Cost payment for the coverage to the property.

11. During the winter of 2016-2017, between the approximate months of December 2016, January 2017, February 2017, and March 2017, a winter storm caused large amounts of snow and ice to accumulate on the structure of the Property.

12. The large amounts of snow and ice caused accumulated causing substantial damage to the structure, specifically the collapse of the structure's trusses (hereafter "the Loss").

13. CHURCH discovered the damage caused by the Loss on or about November 4, 2018.

14. Promptly after discovering the damage to the Property, CHURCH filed a claim in connection with the Loss and GUIDEONE assigned Claim Number AA115279 (hereafter "the Claim").

15. CHURCH has performed or will perform all conditions required under the Policy for payment of the Claim.

16. GUIDEONE paid for the costs of shoring the Premises to preserve its structural integrity.

17. GUIDEONE investigated the loss to determine whether the damages were covered under the Policy.

18. GUIDEONE hired an engineer to determine what caused the Property's trusses to fail.

19. GUIDEONE's engineer made the following observations:

    a. "The subject roof was reported to have several failed trusses. Inspection of the subject roof structure noted that the vast majority of roof trusses had splitting failures parallel to the grain. These failures were generally originating at the through-bolt connection at the ridge."

    b. "Given the extent of damage and the fact that the roof trusses would be overstressed using current specifications, the entire roof structure should be replaced. Due to the nature of truss manufacture, most significantly the

      connection design at the ridge, implementation of a repair for this damage would be exceedingly difficult and almost definitely not cost effective."

    c. "The current shoring system will prevent a full roof collapse; however, given the condition of the trusses, there is risk of member disconnection and failure puncturing the roof, entering the chapel area and potentially causing injury. Given this, it is recommended that the structure not be occupied during any significant weather event and the repairs should be completed as soon as possible."

20. GUIDEONE's engineer made the following conclusions and recommendations:

    a. "The failure of the roof trusses was consistent with a vertical overload failure, most probably due to snow loading."

    b. "The extent of damage, the difficulty of repairing the damage, and the fact that the subject trusses are overstressed according to current specifications indicate all of the trusses should be replaced."

    c. "The majority of damage most likely occurred during the winter of 2016-2017; however, given the relatively small estimated experienced snow load at this time compared to the assumed design loads, cracks probably initiated at the bolt holes in the ridge connection at some time in the past and substantially worsened during this event."

    d. "The structure in its current condition is not safe to occupy during a significant weather event."

21. Despite the observations, recommendations, and conclusions of GUIDEONE's hired engineer, it sent CHURCH a denial of coverage letter stating among other things; "[o]ur

investigation has determined that this loss was caused by multiple issues over a period of time. Unfortunately, there is no coverage for your claim . . ."

22. GUIDEONE's denial letter cited Policy exclusions that are not applicable to the loss.

23. GUIDEONE intentionally omitted language of Policy exclusions listed in its denial letter to confuse and mislead CHURCH into believing there was no coverage for the loss.

24. On or about May 1, 2019, CHURCH sent GUIDEONE a demand letter for reconsideration of the denial and proper payment on the claim.

25. On or about May 29, 2019, GUIDEONE responded to the demand letter affirming its denial.

26. GUIDEONE's claims that the Loss is excluded because:

   a. "[T]he excluded causes of loss—wear and tear and settling, cracking, shrinking or expansion—did not result in a 'specified cause of loss.' That is, the weight of snow did not result from an excluded cause of loss."; and

   b. "Neither faulty workmanship nor inadequate maintenance caused the weight of snow and ice."

27. Even if the Policy exclusions cited in GUIDEONE's denial were applicable, the Policy exclusions objectively do not foreclose coverage for CHURCH's Loss, because under GUIDEONE's argument any alleged exclusion contributed and caused the collapse of the trusses due to the weight of snow and ice.

28. Coverage for this claim was not fairly debatable.

29. The weight of snow and ice from the winter storms between 2016 and 2017 caused the collapse of CHURCH's trusses.

30. Collapse caused by the weight of snow and ice is covered damage under the Policy.

31. Damage caused by the weight of snow and ice is a specified cause of loss, which is covered under the Policy.

32. GUIDEONE has intentionally and unreasonably denied coverage for the Loss and withheld benefits owed.

33. GUIDEONE's denial is not the result of a good faith mistake or a questionable issue of coverage because GUIDEONE actively ignored the observations, opinions, and conclusions of its retained engineer.

34. GUIDEONE's refusal to accept coverage and fully pay the benefits due to CHURCH under the Claim is a material breach of the Policy.

35. CHURCH has performed or will perform all conditions required under the Policy for payment of the Claim.

36. As a result of the breach of contract outlined in this Complaint, CHURCH has been forced to hire an attorney to represent it in this matter. CHURCH is entitled to recover its reasonable attorney fees incurred herein under I.C. § 41-1839.

37. CHURCH is entitled to recover prejudgment interest on all of its damages at the legal rate of 12% per annum.

### CLAIM #1: BREACH OF CONTRACT – PREMISES DAMAGES

38. CHURCH reasserts and incorporates all preceding paragraphs.

39. The damages to CHURCH's Premises caused by the weight of snow and ice and subsequent collapse necessitate replacement of the entire roof structure.

40. As a result of GUIDEONE's refusal to accept coverage and fully pay the benefits due, Plaintiff has suffered damages to the Premises in the following amounts:

    a. Approximately $92,000 for repairs to the Premises as a result of the loss but an amount to be more fully determined during litigation.

## CLAIM #1: BREACH OF CONTRACT – BUSINESS INCOME AND EXTRA EXPENSE DAMAGES

41. CHURCH reasserts and incorporates all preceding paragraphs.

42. CHURCH has been unable to effectuate repairs to the Premises without payment of the first-party insurance benefits it is entitled to under the contract.

43. The inability to effectuate repairs, even in the short-run, has had a detrimental effect on CHURCH's religious activities and operations.

44. To this day, CHURCH's main area of worship in which its parishioner's congregate for worship looks substantially like the pictures below:



45. The status of the Premises has reduced "business" income under the Policy and triggered coverage.

46. GUIDEONE's engineer recommends the entire roof structure be replaced.

47. Replacement of the entire roof structure will necessitate a relocation of the congregation for religious services and activities while repairs are effectuated.

48. GUIDEONE's refusal to accept coverage for this loss has resulted and will result in covered damages under the coverages for loss of business income and extra expense. This is a material breach of the Policy

49. As a result of GUIDEONE's refusal to accept coverage and fully pay the benefits due, Plaintiff has suffered and/or will suffer damages in excess of the Policy limits of $100,000 for additional coverages.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in the amount $192,000 as set forth above, and for its costs and disbursements incurred herein, attorneys' fees, prejudgment interest, and for any other relief this Court deems just and appropriate.

DATED this 18th day of June, 2019.

OWENS, McCREA & LINSCOTT, PLLC


/s/ *April M. Linscott*
APRIL M. LINSCOTT, ISB#7036
Attorneys for Plaintiff